# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| UNITED STATES OF AMERICA, | § | |
|---|---|---|
| Plaintiff, | § | |
| v. | § | CRIMINAL NO. H 95-0271-1 |
| | § | CIVIL ACTION NO. H 05-597 |
| ERIC DESMOND THOMAS, | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

The defendant, Eric Desmond Thomas, was indicted in October 1995 for crack cocaine trafficking offenses and convicted by a jury in April 1996. His two prior felony drug convictions resulted in a life sentence under 21 U.S.C. § 841(b)(1)(A). The Fifth Circuit affirmed on direct appeal, and the Supreme Court denied *certiorari*. Thomas filed a motion to vacate under 28 U.S.C. § 2255, which was dismissed in June 2005. Thomas sought reconsideration, which was denied in August 2005. Thomas's appeal was rejected in July 2006.

In October 2006, Thomas filed a "Relation Back Motion to Original 2255" and a "Motion to Clarify." Those were denied in January 2007. Thomas's appeal from the denial was dismissed in April 2007. In March 2007, Thomas filed a "Motion for Relief From Void or Otherwise Invalid Civil Judgment," (Docket Entry No. 168). In March 2009, Thomas filed a "Motion to Amend Motion for Relief From Void or Otherwise Invalid Civil Judgment," (Docket Entry No. 180). Thomas asserts that this court erred in failing to address the merits of his March 2007 "Motion for Relief," (Docket Entry No. 168), and erred in denying the February 2005 § 2255 motion by failing to consider his leave to amend to provide a memorandum of law. In his "Petition to Amend," (Docket Entry No. 180), Thomas argues that under Rule 15(d) and Rule 60(b)(4) of the Federal

Rules of Civil Procedure, he had the right to supplement or amend his *pro se* motion and that had this court considered his memorandum, he would have received the relief he seeks.

In both the March 2007 "Motion for Relief" and the March 2009 "Petition to Amend," Thomas complained that this court did not rule on a motion to extend the time to support his § 2255 motion. Thomas filed the extension request with the "preliminary" § 2255 motion, in February 2005. The record showed that this court provided Thomas ample time to add to the basis for his § 2255 motion. Thomas filed a supplement on May 2, 2005, which was before the court and part of the record when the ruling dismissing the § 2255 motion issued on June 21, 2005. Thomas filed an additional response that did not arrive at the court until June 24, 2005. Thomas raised that additional filing in his motion for relief from judgment after reconsideration, filed on June 30, 2005. This court ruled on that motion on August 15, 2005. The court of appeals affirmed the denial of the certificate of appealability with all of Thomas's submissions included in the record. The record showed that Thomas was given ample time to support his § 2255 motion; that the additional materials he points to – filed after the motion was denied – would not have altered the outcome; and that the § 2255 motion was properly denied. Thomas's Motion for Relief and to Amend his Motion for Relief were denied.

In August 2010, Thomas filed a motion for summary judgment seeking a ruling that as a matter of law he is entitled to relief under Rule 60(b)(4) of the Federal Rules of Civil Procedure, which applies when a judgment is void. (Docket Entry No. 182). He asserts that this relief is appropriate because his "motion for relief" filed in March 2009 was not ruled on. That motion, as part of the Petition to Amend the Motion for Relief, was denied in the Memorandum and Order entered in August 2009, for the reasons stated in that order. Thomas is not entitled to relief under

Rule 60(b)(4) and is not entitled to summary judgment granting such relief. His motion for summary judgment, (Docket Entry No. 182), is denied.

SIGNED on July 31, 2012, at Houston, Texas.

Lee H. Rosenthal
United States District Judge